**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JANE E. DAVIS, JANE E. DAVIS, EXECUTRIX OF THE ESTATE OF ROBERT N. DAVIS, DECEASED, L.P.D, MINOR, C.N.D., MINOR, ROBERT N. DAVIS, ESTATE, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| VOLKSWAGEN GROUP OF AMERICA, INC., VOLKSWAGEN AKTIENGESELLESCHAFT, ALSO KNOWN AS VOLKSWAGEN AG AND THE ESTATE OF ALFRED N. HANNA; HANNA'S AUTO & TRUCK RECYCLING; HANNA AUTO WORKS AND RECYCLING; AND HANNA NORTH PARTNERSHIP | |
| Appellees | No. 1405 EDA 2018 |

Appeal from the Judgment Entered June 11, 2018
In the Court of Common Pleas of Lehigh County
Civil Division at No: 2014-C-2951

| | |
|---|---|
| JANE E. DAVIS, JANE E. DAVIS, EXECUTRIX OF THE ESTATE OF ROBERT N. DAVIS, DECEASED, L.P.D., MINOR, C.N.D., MINOR, ROBERT N. DAVIS, ESTATE, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| VOLKSWAGEN GROUP OF AMERICA, INC., VOLKSWAGEN AKTIENGESELLESCHAFT, AND FAULKNER CIOCCA, VW | |
| v. | |

THE ESTATE OF ALFRED N. HANNA;
HANNA'S AUTO & TRUCK RECYCLING;
HANNA AUTO WORKS AND RECYCLING;
AND HANNA NORTH PARTNERSHIP;
THE GEORGE FAMILY PARTNERSHIP;
AND GEORGE REAL ESTATE, LP

APPEAL OF: VOLKSWAGEN AG                          No. 1496 EDA 2018

Appeal from the Order Entered June 11, 2018
In the Court of Common Pleas of Lehigh County
Civil Division at No: 2014-C-2951

BEFORE:  BOWES, STABILE, and McLAUGHLIN, JJ

CONCURRING STATEMENT BY STABILE, J.:          **FILED JULY 19, 2019**

I join the Majority's memorandum, but write separately to express my view that this Court need not address the merits of Davis' last issue - that the trial court erred in instructing the jury on both the consumer expectation and risk-utility tests – because, if an error was committed, it was harmless.

Davis contends the trial court impermissibly prevented her from trying this case under her chosen theory of liability - the consumer expectation test - by charging the jury under both that test and the risk-utility test.  Davis maintains this had the effect of crediting Volkswagen's arguments above those of Davis and required that the jury ultimately had to select an operative theory of relief.  Davis contends this materially prejudiced her case in that it adversely altered the scope of the evidence presented, the types of defenses available to Volkswagen, and the legal principles involved.  Appellant's Brief at 42-44.

In rejecting Davis' argument, the Majority acknowledges our Supreme Court's statement in **Tincher v. Omega Flex, Inc.**[1] that a plaintiff is the master of his or her claim in the first instance, but that the trial court nonetheless is obligated to act in its ordinary gate-keeping function. I agree. The Majority then dismisses the remainder of this issue by reasoning that where evidence supports a requested instruction on a theory or defense, a charge on that theory or defense is warranted and that was precisely what was present in this case. Majority Mem. at 27. The Majority finds no error in providing the jury with an instruction under the risk-utility test, because the defense admitted into evidence expert testimony that the fuel tank was not punctured, and that the fire started in the engine and not near the fuel tank. In the Majority's view, this evidence puts the risk-utility test at issue[2] and therefore, the trial court properly instructed as to that test and committed no error.

While I have reservations as to whether the consumer expectation test properly could be applied to Davis' claim, as it does not appear certain that a consumer would be knowledgeable enough to form expectations regarding the design of a fuel tank, no party has raised that issue on appeal. **See Tincher** 104 A.3d at 388, 392 (a complex product, even when being used as intended, may cause injury in a way that does not engage ordinary consumers'

---

[1] 104 A.3d 328 (Pa. 2014).

[2] It is not clear from this statement as to how this evidence lent itself to a risk-utility analysis.

reasonable minimum assumptions about safe performance; consumer expectation test is reserved for cases in which the everyday experience of the products' user permits a conclusion the design violated minimum safety assumptions) (citations and quotation marks omitted). Nor has anybody challenged whether it was proper for Volkswagen to defend against a theory of liability premised upon the consumer expectation test by using a risk-utility analysis, or in other words, using one test as a defense to the other. The issue narrowly drawn here is whether the trial court erred by instructing under both tests where Davis sought an instruction only under the consumer expectation test and the defense sought an instruction under the risk-utility test.

Under the circumstances present here, I would find that this Court need not directly resolve the issue presented by Davis, or any of the related issues suggested above. The jury was instructed under both tests and found that the Volkswagen Passat fuel tank **was** defective and not crashworthy. Despite this finding, Davis was awarded no damages as against Volkswagen because the jury did not find that the defect was the factual cause of the harm claimed by Davis. Therefore, even if it was an error for the trial court to instruct the jury under both tests, such error was harmless because the jury found the product to be defective, regardless of which test it applied. I therefore would deny relief to Davis on this final issue based upon a harmless error analysis, as opposed to the Majority that denies relief on the merits that it was not error

to instruct on the risk-utility test, since Volkswagen presented evidence amenable to that analysis.

Judge Bowes joins this concurring statement.